IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONTE L. HOPKINS, :
:
Plaintiff, :
: Civil Action No. 18-1619-RGA
v. :
:
SGT. ROBERT MOCK, :
:
Defendant. :

## MEMORANDUM ORDER

At Wilmington this ___6___ day of January, 2020;

1. Plaintiff, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, commenced this action on October 19, 2018. (D.I. 3). On September 23, 2019, Defendant filed a motion to dismiss. (D.I. 10). When Plaintiff failed to file a timely response, the Court entered an order on October 28, 2019, for Plaintiff to file a response to the motion to dismiss on or before November 15, 2019. (D.I. 11). Plaintiff did not file a response by the November 15, 2019 deadline.

2. On December 10, 2019, the Court entered an order for Plaintiff to show cause, on or before December 27, 2019, why the action should not be dismissed for his failure to prosecute the case. (D.I. 13). Plaintiff did not respond to the show cause order.

3. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in

1

limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

4. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

5. Several factors warrant the sanction of dismissal including Plaintiff's failure to respond to the motion to dismiss, Plaintiff's failure to respond to the show cause order, and Plaintiff's apparent abandonment of the case. Under the circumstances, there is no effective sanction other than dismissal.

THEREFORE, IT IS ORDERED that:

1. Defendant's motion to dismiss (D.I. 10) is **DISMISSED** as moot.

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

_____
UNITED STATES DISTRICT JUDGE